```
                  UNITED STATE DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

U.S. EX REL. T&C DIRTWORKS, INC.          CIVIL ACTION NO. 10-985

VERSUS                                    JUDGE LEMELLE

L&S-CKY JV and INSURANCE COMPANY          MAGISTRATE JUDGE KNOWLES
OF THE STATE OF PENNSYLVANIA
```

### ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by Defendants, L&S-CKY JV and Insurance Company of the State of Pennsylvania ("CKY") (Rec. Doc. No. 114), opposed by Plaintiff United States of America for benefit and use of T&C Dirtworks, Inc. ("T&C") (Rec. Doc. No. 130). For the following reasons, CKY's Motion for Summary Judgment is **DENIED**.

Defendant L&S-CKY JV entered into a subcontract with Plaintiff T&C Dirtworks, Inc. to haul soils from borrow pits to levee sites, in accordance with a prime contract between L&S and the Army Corps of Engineers for levee construction. The subcontract expressly incorporated all provisions of the prime contract. (Rec. Doc. No. 82.5, p.1). The parties completed the work required by the prime contract and subcontract, but dispute the duties owed, the volume of soil transported, and total payment owed under the contract.

In its remaining cause of action for breach of contract, Plaintiff T&C claims that the soil loaded onto its trucks for transportation was improperly processed, resulting in T&C having to haul extra loads to achieve the cubic yardage required to build the

1

levees. (Rec. Doc. No. 1, p. 3). Specifically, T&C claims that it had to transport soil with an unacceptably high moisture content, and that its trucks were underloaded. (Rec. Doc. No. 90, p. 3). Defendant L&S denies that it had any duty to control the moisture content of the excavated soil. (Rec. Doc. No. 82, p. 2).

Defendant CKY contends that T&C cannot prove its alleged damages with reasonable certainty, noting perceived deficiencies in the report and calculations of T&C's expert, checking account and ledger statements detailing costs incurred, and evidence of the number of truckloads hauled. CKY points out, further, that Defendant L&S is precluded from introducing further evidence for admission at trial.

Plaintiff L&S argues that a determination of the amount of damages, including calculating costs and interpreting evidence, is an issue of fact to be decided at trial. Moreover, although L&S concedes that it cannot now produce further evidence, it argues that the evidence produced thus far supports an award of damages.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the

2

nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.*

At trial, a plaintiff has the burden to prove the amount of his damages with a reasonable degree of certainty. *Silor v. Robero*, 868 F.2d 1419, 1422 (5th Cir. 1989). However, at the summary judgment stage, the burden is much lighter: the plaintiff need merely produce enough evidence to show the existence of a genuine issue of material fact. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).

Plaintiff L&S has pointed to evidence produced by both parties that would allow a reasonable trier of fact to determine quantification of damages, even if Defendant CKY disagrees with Plaintiff's calculations based on the evidence. This evidence includes "truck tickets" showing the number of truckloads hauled, estimates of borrow soil volume, agreements with subcontractor truckers, checking account and ledger statements, deposition testimony, and affidavits. Consideration of the weight of this

evidence and the reasonably certain calculation of the actual damages are tasks reserved for trial.

Plaintiff L&S has produced sufficient evidence to demonstrate the existence of an issue of material fact regarding its claimed damages, and summary judgment is thus denied.

Note, however, that untimely production of documents and information violative of prior court orders may lead to exclusion of such evidence at trial and/or other sanctions, including extreme sanctions.

New Orleans, Louisiana, this 26th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE